Brandy A. Sargent, OSB # 045713
brandy.sargent@klgates.com
Elizabeth H. White, OSB # 204729
elizabeth.white@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204

*Attorneys for Open International, LLC and*
*Open Investments, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CITY OF FORT COLLINS, | Case No.: 3:25-mc-155 |
| Plaintiff/Counterclaim Defendant, | |
| vs. | **OPEN INTERNATIONAL, LLC AND OPEN INVESTMENTS, LLC'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(6), TO VACATE REGISTRATION OF JUDGMENT, AND TO VACATE WRIT OF GARNISHMENT** |
| OPEN INTERNATIONAL, LLC, | |
| Defendant/Counterclaim Plaintiff, | |
| OPEN INVESTMENTS, LLC, | **EXPEDITED HEARING REQUESTED** |
| Defendant. | |

## LR 7-1(a) CERTIFICATION

Counsel for Open International, LLC ("Open International") and Open Investments, LLC ("Open Investments") certifies that it conferred with counsel for The City of Fort Collins ("Fort Collins") by telephone on March 7 regarding this matter. Fort Collins opposes this Motion. On Open International and Open Investments' request for expedited hearing, Fort Collins opposes the request.

PAGE 1 –   DEFENDANT/COUNTERCLAIM PLAINTIFF OPEN INTERNATIONAL, LLC
AND DEFENDANT OPEN INVESTMENTS, LLC'S
MOTION FOR RELIEF FROM JUDGMENT

**MOTION**

Open International, LLC and Open Investments, LLC, by and through its attorneys, K&L Gates LLP, respectfully move for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate registration by this Court of the judgment entered by the United States District Court for Colorado as well as to vacate the writ of garnishment issued by this Court. The Amended Judgment from the District of Colorado was not ripe for registration in this Court because the Magistrate Judge's Order authorizing filing remains subject to a pending objection filed pursuant to Federal Rule of Civil Procedure 72 and the Magistrate Judge cannot issue a final order.[1] Open International and Open Investments further respectfully move this Court to stay any enforcement of the judgment pending resolution of the objections on the Magistrate Judge's Order.

**FACTUAL BACKGROUND**

On March 28, 2024, the U.S. District Court for the District of Colorado issued an Amended Final Judgment awarding Fort Collins certain amounts against Open International and Open Investments. Declaration of Elizabeth White ("White Decl."), Ex. A (*City of Fort Collins v. Open International, LLC and Open Investments, LLC*, Civil Action No. 1:21-cv-02063-CNS-SBP (D. Colo.) ("Colorado Action"), ECF No. 332 (Mar. 28, 2024)). The Amended Final Judgment remains on appeal.[2] *City of Fort Collins v. Open International, et al.*, No. 24-1152 (10th Cir.).

On January 31, 2025, the Magistrate Judge in the Colorado Action issued an Order Granting Plaintiff's Motion to Allow Registration of Judgment Against Open International, LLC, in Other Districts ("Colorado Magistrate Order").[3] White Decl., Ex. B (ECF No. 387). The

---

[1] Contemporaneous to this filing, Open International is filing an Emergency Motion to Stay Execution of Judgment and Motion to Stay Magistrate Judge Order Allowing Registration of the Judgment in Other Districts in *Open International, LLC and Open Investments, LLC*, Civil Action No. 1:21-cv-02063-CNS-SBP (D. Colo).

[2] Open Investments obtained a stay of execution on the judgment by posting sufficient security. Colorado Action, ECF No. 356.

[3] The Colorado Magistrate Order analyzed whether there was good cause shown, pursuant to 28 U.S.C. § 1963, to allow registration in other districts.

PAGE 2 –    DEFENDANT/COUNTERCLAIM PLAINTIFF OPEN INTERNATIONAL, LLC
                    AND DEFENDANT OPEN INVESTMENTS, LLC'S
                    MOTION FOR RELIEF FROM JUDGMENT

Colorado Magistrate Order cited 28 U.S.C. § 636(b)(3) as the basis for consideration of the motion. Further, footnote 4 to the Colorado Magistrate Order states as follows, in relevant part:

> Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge order or recommendation.

Colorado Magistrate Order at *8 n.4.

On February 14, 2025, Open International filed objections to the Colorado Magistrate Order. Colorado Action, ECF No. 390 (Feb. 14, 2025). White Decl. Ex. C. The District of Colorado has not yet ruled on the objections. White Decl. Ex. D (Colorado Action docket).

Despite the lack of finality of the Colorado Magistrate Order, Fort Collins sought to register the judgment from the Colorado Action in this Court on February 10, 2025 by mail. ECF No. 1. On February 20, 2025, Fort Collins filed with this Court an Application for Writ of Garnishment. ECF No. 2. On March 7, 2025, this Court issued the writ of garnishment. ECF No. 3.[4]

This Court is in position and has the authority to remedy this violation of Open International's rights by vacating registration of the judgment, vacating the writ of garnishment, and awaiting further proceedings in the Colorado Action to resolve the Colorado Magistrate Order before proceeding.

## ARGUMENT

### I. Objections to the Colorado Magistrate Order Are Pending and the Order Is Not Final

Open International is entitled to relief under 60(b)(6) of the Federal Rules of Civil Procedure, which provides grounds for "any other reason that justifies relief" because Fort Collins

---

[4] Open International and Open Investments reserve all rights to separately submit objections to the writ of garnishment.

PAGE 3 –  DEFENDANT/COUNTERCLAIM PLAINTIFF OPEN INTERNATIONAL, LLC
AND DEFENDANT OPEN INVESTMENTS, LLC'S
MOTION FOR RELIEF FROM JUDGMENT

prematurely sought registration of the judgment in Oregon while objections to the Colorado Magistrate Order are pending and even though the Magistrate Judge cannot issue a final order.

The Colorado Magistrate Order is properly viewed as a recommendation which lacks the force of law unless and until it is approved by the District Court judge in the action. The cited statutory basis for the Colorado Magistrate Order is 28 U.S.C. § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Colorado Action, ECF No. 387. But "a magistrate judge exercising 'additional duties' jurisdiction, absent the parties' consent, lacks authority to enter a final, appealable order in a post-judgment proceeding." *Govan v. Sec. Nat'l Fin. Corp.*, 2013 WL 12212366, at *2 (D. Ariz. May 1, 2013) (quotations omitted). And while D.C.COLO.LCivR 72.1(c)(1) allows a magistrate to conduct "post-trial proceedings," that does not include dispositive matters, which are governed by subsection (c)(3). See D.C.COLO.LCivR 72.1(c)(3) (magistrate has authority to "hold hearings and make recommendations on dispositive matters") (emphasis added).

Accordingly, the Tenth Circuit has held that a magistrate judge lacks authority to grant a writ of execution because that is a "dispositive matter," and that the magistrate judge should instead "issue[] a report and recommendation for a decision by the district court." *United States v. Thompson*, 285 F. App'x 522, 524 (10th Cir. 2008) (quotations omitted) (holding that magistrate's order did "not have the force of law" and could not be executed on unless and until it was approved by the district court). Here, a motion for permission to register a judgment in other districts is a dispositive matter that requires a decision from the District Court judge before Plaintiff can go forth and collect on its judgment. *See* 28 U.S.C. § 1963. There are objections pending to the Colorado Magistrate Order and therefore, as in *Thompson*, it is properly viewed as a recommendation that lacks the force of law. *See Thompson*, 285 F. App'x 522; *see also Bond Safeguard Ins. Co. v. Morley Companies Fam. Dev., LLLP*, 2013 WL 752956, at *1, n.1 (D. Colo. Feb. 4, 2013), report and recommendation adopted, 2013 WL 752955 (D. Colo. Feb. 27, 2013)

PAGE 4 –  DEFENDANT/COUNTERCLAIM PLAINTIFF OPEN INTERNATIONAL, LLC
          AND DEFENDANT OPEN INVESTMENTS, LLC'S
          MOTION FOR RELIEF FROM JUDGMENT

(determining that magistrate could only issue recommendation on garnishment motion); *United States v. Johnson*, 2009 WL 1033773 at *2 (E.D. La. April 15, 2009) ("Several courts have specifically held that a magistrate judge lacks jurisdiction to determine with finality post-judgment matters such as . . . garnishment, particularly when all parties have not consented in writing."). Plaintiff's attempt to register the judgment in this Court based on the non-final Colorado Magistrate Order is therefore improper.

II.     **Because the Colorado Magistrate Order Is Not Final, Registration of Judgment in This Court and Issuance of the Writ of Garnishment Are Premature and Should Be Vacated**

This Court, the "registering court," "has authority, necessarily implied from § 1963 and as a matter of inherent jurisdiction, where a foreign judgment has been registered in knowing violation of the terms of the registration statute, to grant relief (a) by annulling or vacating the registered judgment . . . ; (b) by vacating any process or executions which may have issued upon the registered judgment; and (c) by restoring to the aggrieved parties any assets or properties which may have been seized or levied upon." *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974); *see also Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1317 (11th Cir. 2001) (registering court has jurisdiction "where a foreign judgment has been registered in violation of 28 U.S.C. § 1963"); *Tommills Brokerage Co. v. Thon*, 52 F.R.D. 200, 202 (D.P.R. 1971) ("It has been stated that the district court in which the judgment is registered has power, when the point is appropriately raised, to determine matters that are germane to registration and enforcement, such as whether the judgment is registerable[.]")

In *Oakes*, for example, the defendants had moved to vacate registration of the judgment, quash writs of garnishment and stay enforcement of the judgment in the Florida district court because they had a pending motion for new trial in the Texas district court and a notice of appeal in the U.S. Court of Appeals for the Fifth Circuit. *Oakes*, 259 F.3d at 1316. The Florida district court granted defendants' motions and plaintiffs later appealed. The Eleventh Circuit affirmed,

holding that the Florida district court had federal jurisdiction "where a foreign judgment has been registered in violation of 28 U.S.C. § 1963." *Id.* at 1317.

Here, the amended judgment in the Colorado Action has been registered in this District in violation of 28 U.S.C. § 1963 because the Colorado Magistrate Order granting permission to do so is not final and is properly viewed as a recommendation which lacks the force of law unless and until it is approved by the District Court judge in the Colorado Action.  This Court has jurisdiction and authority to vacate the registration of the amended judgment and to vacate the writ of garnishment and should do so. Indeed, vacating the registration and the writ of garnishment "appear to be the minimum steps which a District Court could take . . . to remedy a violation of the registration statute itself." *Ohio Hoist*, 490 F.2d at 107; *see also Occidental Fire & Cas. Co. of N. Carolina v. Great Plains Cap. Corp.*, 912 F. Supp. 515, 517 (S.D. Fla. 1995) ("At time the time that the judgment was registered in this district, the judgment had not become final by appeal, the time for appeal had not expired, and the Court which entered the judgment had not ordered registration for good cause shown."); *Hagan v. Craigmyle Halters & Tack Mfg., LLC*, No. 11-MC-16 MV, 2011 WL 13289684, at *2 (D.N.M. Aug. 25, 2011) (registering court vacating registered judgment where appeal was pending).

III.    **Because the Registration Should Be Vacated as Being in Violation of 28 U.S.C. § 1963, the Court Should Also Stay Enforcement of the Amended Judgment**

Registration of the amended judgment in this Court is premature because the Colorado Magistrate Order is not final.  This Court should stay any further enforcement of the amended judgment at least until the objections to the Colorado Magistrate Order are resolved.  *See Tommills Brokerage Co. v. Thon*, 52 F.R.D. 200, 203 (D.P.R. 1971) (ordering that plaintiff not further enforce judgment for 120 days in registering district while district that issued judgment resolved separate motion); *Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1316 (11th Cir. 2001) (affirming district court's stay of enforcement of judgment).

PAGE 6 –   DEFENDANT/COUNTERCLAIM PLAINTIFF OPEN INTERNATIONAL, LLC
              AND DEFENDANT OPEN INVESTMENTS, LLC'S
              MOTION FOR RELIEF FROM JUDGMENT

**CONCLUSION**

Open International respectfully requests this Court enter an order vacating registration of the judgment in this Court, vacating the writ of garnishment, and staying enforcement of the amended judgment pending further proceedings in the District of Colorado.

Respectfully submitted,

K&L GATES LLP

Dated:  March 7, 2025           By:   *s/ Elizabeth H. White*

Brandy A. Sargent, OSB # 045713
brandy.sargent@klgates.com
Elizabeth H. White, OSB # 204729
elizabeth.white@klgates.com
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

*Attorneys for Open International, LLC and*
*Open Investments, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing document was served upon all parties via the

Court's C/M ECF filing system:

DATED this 7th day of March, 2025.

K&L GATES LLP


By: <u>*s/ Elizabeth H. White*</u>
     Elizabeth H. White, OSB # 204729

*Attorneys for Open International, LLC and*
*Open Investments, LLC*

PAGE 1 – CERTIFICATE OF SERVICE